IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA * | |
| * | |
| v. * | CASE NO. 2:06CR122-MEF |
| * | |
| KENDALL WATSON * | |
| CALVIN CHANCE * | |
| SHANNON MURPHY * | |

## DEFENDANT MURPHY'S POSITION ON SENTENCING

### I. INTRODUCTION

On November 21, 2006, the Court is scheduled to sentence defendant Shannon Murphy. Murphy has been in custody since August 21, 2006

Murphy entered a plea agreement pursuant to 11(c)(1)(C). As agreed, her sentence should not exceed 33 months. Otherwise she may withdraw her plea and proceed to trial. The Government has filed a motion requesting a three level downward departure to 27 months. Murphy contends her sentence should actually be less than 27 months as will be outlined to follow:

### II. COOPERATION

As noted in the presentence report Shannon Murphy was originally arrested by the Autauga County Sheriff's Department on October 16, 2005 after having made a controlled sale of .5 grams of methamphetamine to a confidential source. A subsequent search of Murphy's residence revealed 8.78 grams of methamphetamine.

Murphy agreed to cooperate with law enforcement and provided them the name of her source, Calvin Chance.  Murphy made an undercover call to Chance.  As a result he was arrested, taken into custody, and found to be in possession of 55.73 grams of methamphetamine.  After Chance was arrested he agreed to cooperate against his source, Kendall Watson, who was a substantial source of methamphetamine.  Chance advised that he was receiving four ounces of ice per week from Watson at a cost of $1,500 to $1,600 per ounce.

Watson, after his arrest, has cooperated extensively with law enforcement including providing jailhouse information against federal inmate Leon Carmichael.  Watson has also testified in that case.

The presentence report further indicates that Murphy provided a proffer on March 1, 2006 about her drug activities.

Without question, Murphy's cooperation with law enforcement has resulted in the arrest, prosecution, pleas of guilty and incarceration of two major methamphetamine sources Calvin Chance and Kendal Watson.  Murphy also is ready and available to testify against others about whom she provided information to the Autauga County Sheriff's Department and the United States Government.  Murphy was subpoenaed to testify at the sentencing of another female offender, although not called.

The presentence report memorializing the plea agreement indicated that the Government agreed to file a motion for a three-level downward departure based Murphy's cooperation. The motion has been filed. Murphy's base offense level is now 18 with a Criminal History Score of I. The suggested guidelines are 27 to 33 months. Murphy argues that her cooperation is more substantial than reflected in a three level downward departure. This involved more than a proffer. Two major drug dealers were arrested and subsequently cooperated with the Government in other cases casting an even bigger net on drug dealers.

### III. MENTAL HEALTH/PSYCHOLOGICAL CONDITION

The undersigned has spoken with Shannon Murphy and her parents extensively about her present situation and factors that led to her legal difficulties. Based on information in the presentence report, which has been verified through her parents, Murphy began using methamphetamine on a recreational basis and at some point became addicted to the drug. She has been in some mental health and drug treatment prior to her instant arrest. This involved a 28 day inpatient treatment program at Bradford Health in Warrior in 2002 and drug counseling at the Rainbow Counseling Center, Prattville, Alabama, 2000.

The undersigned, concerned over Murphy's mental state, referred her to Dr. Daniel Koch, Clinical Psychologist in Mobile, Alabama for evaluation and

treatment. Counsel was familiar with Dr. Koch's longstanding work as a psychologist in Mobile having worked with him on numerous occasions. Further, Counsel is aware of Dr. Koch's particular expertise in treating individuals suffering from Attention Deficit Disorder. As will be noted later in information to be provided by Dr. Koch, Shannon Murphy suffers from Attention Deficit Disorder that has gone untreated throughout her lifetime. Prior to the bond revocation Dr. Koch, through a medical doctor, prescribed for her Adderal as well as a drug for her depression.

    Dr. Koch is expected to testify that Shannon Murphy's attraction to methamphetamine was related to a need to self-medicate for her Attention Deficit Disorder which has complicated her self-image problems throughout her life. Compounding the problem was the loss of her sister, Christy, through a methamphetamine overdose.

    Even subsequent to her arrest and while on bond Murphy admits to having used methamphetamine. This drug usage as well as her attempt to conceal this drug use resulted in her bond revocation and her present incarceration.

    One of the primary goals of this plea agreement, both from the defense side and the Government's, was that Murphy would receive drug treatment. Certainly this can be provided through the Bureau of Prisons but it is our position that it can

be provided in the community as well. Murphy's incarceration since revocation on August 21, 2006 has served as a tremendous deterrent to her given that she has not previously been in custody. The undersigned believes that the Court could impose a sentence of less than that suggested by the sentencing guidelines which would ensure accountability and punishment. This could still offer a successful regiment of drug treatment given that she is now motivated to beat this horrific addiction.

### IV. FAMILY SITUATION

Counsel is familiar with the fact that this Court often sees and sentences single parents to custody despite the fact they have small children at home. This situation presented by Shannon Murphy is different than counsel normally experiences with female clients with small children at home who are facing incarceration. In this particular case Ms. Murphy has the strong and stable support of her mother and father who presently have custody of and are caring for her minor son, Jacob Murphy, age 6. Jacob's father offers little support.

Despite this support and the blessing of her parents being able to care for her minor child, the parents also care for the two minor children of their deceased daughter, Christy, who are ages 11 and 6.

Young Jacob Murphy was in counseling prior to his mother's bond revocation as a result of anxiety and attachment issues. Because the Silas' and the three minor

children described above live on family property (previously as immediate next door neighbors), the children are extremely familiar with events and activities of each other. The untimely and tragic death of Christy, Ms. Murphy's sister, and the physical pain and suffering of her two children witnessed by Jacob, has influenced his psychological condition. This has impacted him to the extent that he has several psychological issues that are presently being dealt with by mental health professionals. Correspondence confirming this will be provided to the Court. His counselor's opinion is that the lengthy incarceration of his mother will have an unduly negative impact on the child.

Not only is Jacob a victim of methamphetamine as are his two cousins, but also the parents of Shannon Murphy. The trauma associated with drug addiction of their now incarcerated daughter Shannon has been devastating. However, the loss of their other daughter to a methamphetamine overdose has been more devastating to this family. Now the prospect of losing their only daughter to incarceration, over her poor judgement and substance abuse, is almost more than this family can bear.

The Silas' are a middle class, hard working family with good values and good goals. They raised their two children like most parents would want them raised and society would expect. However, the availability of drugs and the vulnerability of these two daughters has almost completely destroyed this family.

Any benevolence the Court could show this family by reducing the suggested period of incarceration to allow for a brief period of punishment or a punishment in the community wherein she could receive drug treatment would be appropriate under the circumstances.

## V.  CONCLUSION

Shannon Murphy is a first offender, meth addict, mother of a six year old son, and suffers from severe Attention Deficit Disorder.  Prior to her bond revocation she was beginning a course of treatment with Dr. Daniel Koch in Mobile and the same seemed very positive in order to control her need for illegal drugs.

Murphy has cooperated with the Government in assisting them in removing from the streets two significant drug dealers and possibly more.  Murphy has now experienced the reality of incarceration in a County Jail system for a woman who has never experienced anything similar.  She has the stability of her family and will live on family property.

The suggested guideline range is 27 to 33 months.  Given all the arguments and mitigation above it is respectfully requested that this Court impose a sentence of 10 to 16 months (Base Level 12)  allowing Ms. Murphy to have intermittent confinement with drug treatment in the community so that she may remain at home and resume the responsibilities for the rearing of her six year old child.  This, too,

would enable her to conquer her addiction to methamphetamine. It is anticipated that the course of treatment that she will be placed on by Dr. Koch will in fact be successful.

A base level 12 would only require a five level departure from the suggested base level of 18.

Extreme family hardship may now be considered as a basis for a departure from the suggested guidelines.

Respectfully submitted,

        s/Susan G. James
        SUSAN G. JAMES
        Attorney at Law
        600 South McDonough Street
        Montgomery, Alabama 36104
        Phone: (334) 269-3330
        Fax: (334) 834-0353
        E-mail: sgjamesandassoc@aol.com
        Bar No: JAM012

## CERTIFICATE OF SERVICE

I hereby certify that on November 15, 2006 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Louis Franklin
United States Attorney
P.O. Box 197
Montgomery, Alabama, 36101

s/Susan G. James
SUSAN G. JAMES
Attorney at Law
600 South McDonough Street
Montgomery, Alabama 36104
Phone: (334) 269-3330
Fax: (334) 834-0353
E-mail: sgjamesandassoc@aol.com
Bar No: JAM012